NEW YORK,
May, 1827.

Ex parte
Murphy.

*Ex parte* MURPHY and others.

The mere circumstance that improper votes are received at an election, will not vitiate it.

The fact should be shown affirmatively, that a sufficient number of improper votes were received for the successful ticket, to reduce it to a minority if they had been rejected; or the election shall stand.

AT the annual election of the corporation of St. Peter's church in the city of New York, in April last, holden for the choice of 4 trustees, 8 persons were voted for, 4 of whom had 102 votes, and four, 100. The voting was by ballot. The inspectors having certified that the four having 102 votes, were duly elected, a motion was now made for leave to file an information in nature of a *quo warranto* [*154] *against them, as unduly elected. One ground of the motion was, that two ballots were put into the box in the names of two persons who were formerly voters; but who had died some weeks before the day of election. This fact was not discovered till after the inspectors had given their certificate; nor did it now appear for whom the two improper votes were given.

*D. Seldon* and *T. A. Emmett*, for the motion.

*C. O'Connor* and *J. Platt*, contra.

*Curia.* The motion must be denied. For aught that appears, the spurious ballots were for the ticket which was in the minority. To warrant setting aside the election, it must appear affirmatively, that the successful ticket received a number of improper votes, which, if rejected, would have brought it down to a minority. The mere circumstance that improper votes are received will not vitiate an election. If this were otherwise, hardly an election in the state could be sustained.[1]

Motion denied.

(1) If a presiding officer or judge of an election, acting honestly, from the best judgment he can form on the evidence before him, takes a vote which turns out to be an illegal vote, or refuses a vote which turns out to be a legal one, he is not liable therefor. *The State* v. *M'Donald*, 4 Harring. 555; *The State* v. *Porter*, 4 Harring. 556. If a vote is challenged, and two of the judges concur in rejecting it as an illegal vote, the presiding officer has no right to receive it; and if he does receive it, and it turns out to be an illegal vote, it would be evidence of corruption. *The State* v. *M'Donald*, 4 Harring 555. See Waterman's Archbold's Cr. Law. Vol. III. p. 623, *et seq.*